Bomback v. Sykes.

*James P. Neal*, for the defendant in error.

---

OTTO BOMBACK AND WIFE V. WILLIAM SYKES AND OTHERS.

If a suit by husband and wife, against a trustee and *cestui que trust*, to restrain the sale of property, under a deed of trust, executed by the plaintiffs, be determined against them, it is error to decree a sale of the trust property by the sheriff, if it be the homestead of the plaintiffs; but the injunction should be dissolved, and the trustee thereby enabled to sell, in accordance with the power in the deed.

ERROR from Bexar. Tried below before the Hon. Thomas J. Devine.

This was a suit by Otto Bomback, and his wife, Sarah Jane Bomback, against William Sykes, Hector McNeill, and F. L. Paschal, to enjoin Paschal, as trustee, from selling a house and lot, (which, it was alleged in the petition, and admitted in the answer, was the homestead of the plaintiffs,) under a deed of trust executed by them, to secure a note given to the defendants, Sykes and McNeill, for $1000. It is unnecessary to state the grounds upon which the plaintiffs asked to enjoin the sale by the trustee.

Upon the trial, a jury was waived, and the cause submitted to

the judge, who found that the consideration of the note given by plaintiffs to the defendants, Sykes and McNeill, had failed to the amount of $35.69, and gave judgment in their favor, against the plaintiffs, for $965.31; and ordered that the sheriff of Bexar county should sell the property described in the deed of trust, for the satisfaction of the same. From this judgment the plaintiffs prosecuted their writ of error.

*Denison & Henson*, for the plaintiffs in error.

*S. G. Newton*, for the defendants in error.

WHEELER, C. J.—It is averred in the petition, and is not denied in the answer, that the property embraced in the deed of trust, is the homestead of the appellants. Though there is no statement of facts, there is no averment in the pleadings, under which evidence could have been admitted, that it was not the homestead. It must, therefore, be deemed, from the allegations of the parties, to have been the homestead; and, as such, it is exempt from forced sale. (Const., Art. 7, § 22; Sampson v. Williamson, 6 Texas Rep. 102.)

The court, therefore, erred in adjudging a sale of the property by the sheriff, under compulsory process from the court. The proper judgment would have been a dissolution of the injunction, thereby enabling the trustee to proceed to sell, in accordance with the power contained in the deed; and this would have been consistent with the prayer of the defendants. The judgment must be reversed, and the cause remanded for further proceedings.

Reversed and remanded.